IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| K. KAY SHEARIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. 02-276-JJF |
| | : | |
| TOWN OF ELSMERE, | : | |
| | : | |
| Defendant. | : | |

K. Kay Shearin, Pro se Plaintiff, West Memphis, Arkansas.

Bruce C. Herron, Esquire, Akin & Herron, P.A., Wilmington, Delaware. Attorney for Town of Elsmere.

**MEMORANDUM OPINION**

October 30, 2007
Wilmington, Delaware

**Farnan,** *Joseph Farnan* **District Judge**

Presently before the Court is Defendant Town of Elsmere's Motion To Dismiss For Failure To Prosecute Pursuant to Fed. R. Civ. P. 41(b) and supporting Memorandum, Plaintiff's Response, and Defendant's Reply. (D.I. 66, 67, 71, 73.) For the reasons discussed, the Motion will be granted.

I.  **BACKGROUND**

On April 15, 2002, Plaintiff filed a Complaint against the State of Delaware ("Delaware"), the Town of Elsmere ("Elsmere") and Joseph M. Bernstein ("Bernstein") alleging civil rights violations pursuant to 42 U.S.C. § 1983 and breach of contract, breach of fiduciary duty and/or legal malpractice claims pursuant to 28 U.S.C. § 367(a). (D.I. 3.) An Amended Complaint adding Allstate Insurance ("Allstate") as a Defendant and a Second Amended Complaint were filed shortly thereafter. (D.I. 4, 8.) Between April 2002 and January 2003, Plaintiff filed four motions for injunctive relief. (D.I. 5, 9, 20, 50). In the meantime, Defendant Bernstein file a Motion For Summary Judgment, while the other Defendants filed Motions To Dismiss. (D.I. 21, 25, 39, 41.)

On March 21, 2003, the Court denied Plaintiff's Motions seeking injunctive relief, granted Bernstein's Motion For Summary Judgment, and granted Delaware, Allstate and Elsmere's Motions To Dismiss. (D.I. 52.) In the same Order the Court gave Plaintiff

-1-

leave to amend her Complaint to expand upon her Fourteenth and Fifth Amendment claims against Elsmere.  Id.

Plaintiff filed a Third Amended Complaint on April 10, 2003, re-alleging constitutional claims against Elsmere, and she also filed a Notice Of Appeal with respect to the rest of the March 21, 2003 Order. (D.I. 53, 55.)  On August 13, 2004, the U.S. Court of Appeals for the Third Circuit affirmed the Court's denial of Plaintiff's Motions For Preliminary Injunctive Relief, and determined that it lacked jurisdiction to review any other issues decided in the March 21, 2003 Order.

On June 1, 2007, Elsmere filed the pending Motion To Dismiss For Lack Of Prosecution.  (D.I. 66.)  Other than a filing by Allstate to substitute counsel in June 2005, there were no filings in this case subsequent to the August 13, 2004 decision by the Third Circuit.

Elsmere moves for dismissal on the basis that the case has been inactive for nearly three years, and that matters raised in Plaintiff's Third Amended Complaint concern events which occurred over five years ago.  It further argues that Plaintiff has not shown any interest or responsibility in pursuing her claim.

Plaintiff responds that she has not pursued this case because in 2004 she reached an agreement with Elsmere to consolidate this case with other federal suits she filed against Elsmere, and those cases have been stayed. (D.I. 70, 73.)

Plaintiff further argues that there is good cause for the delay because "some damages on [her] various claims are only now being quantified." (D.I. 73.) Finally, Plaintiff contends that she was not properly served with the present motion because she did not received paper copies of the filings.[1]

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Third Circuit has set forth six factors to consider when evaluating a motion to dismiss for failure to prosecute: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh

---

[1]Plaintiff's July 20, 2007 letter to the Court indicates that she received hard copies from Elsmere. (D.I. 74.)

against Plaintiff to dismiss the action. <u>Emerson v. Thiel College</u>, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of <u>Poulis</u> factors are not satisfied. <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1998). Moreover, when a litigant's conduct makes adjudication of the case impossible such balancing under <u>Poulis</u> is unnecessary. See <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also <u>Spain v. Gallegos</u>, 26 F.3d 439, 454-55 (3d Cir. 1994).

### III. DISCUSSION

#### A. Service of Documents

Initially the Court notes that Plaintiff was served with all documents relating to the present Motion. In accordance with the Court's Standing Order of March 1, 2005 for Electronic Case Filing Policies and Procedures, Plaintiff was properly served with all documents when she received electronic notices of each filing. (See D.I. 70.) Moreover, Elsmere mailed a "hard copy" to Plaintiff. (D.I. 74.)

In February 2005, the Court adopted <u>Administrative Procedures Governing Filing And Service By Electronic Means</u>. In cases involving a <u>pro se</u> party, transmission of a Notice of Electronic Filing ("NEF") "shall constitute service of the filed document and shall be deemed to satisfy the requirements of Fed. R. Civ. P. 5(b)(2)(D)[,]" so long as a certificate of service is

attached. CM/ECF Admin. P. ¶¶ E(2), E(4) (revised June 2007). Plaintiff has acted in accordance with the Administrative Procedures by accessing the documents on PACER. Therefore, she is not entitled to paper copies of any filings, and is bound by the timing rules contained in the Federal Rules of Civil Procedure with respect to filing any responsive documents. Finally, the issue is moot inasmuch as Elsmere mailed Plaintiff a "hard copy" of the pending motion.

**B. Failure to Prosecute**

Plaintiff has not taken any action in this case since she filed her third Amended Complaint and Notice of Appeal on April 10, 2003. The case has been dormant since the ruling by the Third Circuit on August 13, 2004, and no action was taken until Elsmere filed the present motion on June 1, 2007. Shortly thereafter, Plaintiff sent a letter to the Court that vaguely addressed the Motion, and stated that a response would not be forthcoming until she received paper copies of the documents from Defendant. Upon Order from the Court (D.I. 69), Plaintiff filed a substantive response a few weeks later, alleging that the case had been consolidated with all other cases. The Court has found no evidence that the parties intended to consolidate this case with any other of Plaintiff's pending cases.

Indeed, the Court's Dockets reflect that on September 25, 2002, Plaintiff requested only that discovery in this case be

consolidated with Shearin v. Delaware, Civil Action No. 00-458-GMS. (D.I. 36.)  Later, on April 28, 2003, Plaintiff filed a written request that this case be consolidated with Shearin v. Delaware, Civil Action No. 00-458-GMS, at D.I. 25.  The request was not ruled upon and Civil Action No. 00-458-GMS was dismissed on February 2, 2006 for failure to prosecute.  (Civ. Action No. 00-458-GMS, at D.I. 32.)

However, Plaintiff requested, and the Court granted, consolidation of two different cases, Shearin v. Scavitto, Civil Action No. 04-881-JJF and Shearin v. Poole, Civil Action No. 03-580-JJF. (Civ. Action No. 03-580-JJF, D.I. 61.)  Plaintiff's request did not reference the present case.  Plaintiff also requested, and was granted, a stay of these two proceedings. Notably, Plaintiff has offered no other explanations for her years of inactivity in this case.

The Court finds that the first, second, and fifth Poulis factors, warrant dismissal of the Third Amended Complaint. First, as a pro se litigant, Plaintiff is solely responsible for prosecuting her claim.  Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992).  Second, Elsmere is prejudiced by Plaintiff's failure to prosecute.  Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial.  Ware v. Rodale Press, Inc., 322 F.3d 218, 222-23 (3d Cir. 2003).  Due to the length of time that has

passed, Elsmere is impaired in its ability to conduct meaningful discovery with regard to Plaintiff's claims and prepare a defense. Indeed, the lengthy passage of time involves the risk of loss of evidence or the fading of memory. The Court makes no ruling on the third factor, a history of dilatoriness, but notes that it was not until she was ordered by the Court that Plaintiff filed a response to the instant motion. (D.I. 69.) As to the fourth factor, the Court cannot judge whether Plaintiff's failure to prosecute is willful or in bad faith. As to the fifth factor, there are not alternative sanctions the Court could effectively impose. Plaintiff proceeds in forma pauperis. Monetary penalties, therefore, would be inappropriate and unavailing. Finally, the Court concludes that Plaintiff's allegations with respect to Elsmere are facially meritorious. Elsmere, however, denies the majority of Plaintiff's allegations and also advances facially meritorious affirmative defenses. (D.I. 60.) Therefore, the meritoriousness factor is neutral and not dispositive.

## IV. CONCLUSION

Based upon the foregoing, the Court concludes that the Poulis factors weigh in favor of dismissal for Plaintiff's failure to prosecute. Accordingly, the Court will grant the Town of Elsmere's Motion To Dismiss.